<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| REIDGE JOHANNES,<br><br>          Plaintiff,<br><br>v.<br><br>LVNV FUNDING LLC and RESURGENT CAPITAL SERVICES LP,<br><br>          Defendants. | Civil Action No. 24-8999 (SDW) (JRA)<br><br>**WHEREAS OPINION**<br><br>May 28, 2025 |

**WIGENTON**, District Judge.

      **THIS MATTER** having come before this Court on Defendants LVNV Funding LLC ("LVNV") and Resurgent Capital Services LP's ("Resurgent") motion to dismiss (D.E. 8) *pro se* Plaintiff Reidge Johannes's complaint (D.E. 1 ("Compl.")), and this Court having reviewed the parties' submissions;[1] and

      **WHEREAS** Plaintiff noticed two debts on his credit report in September 2023—one owed to CitiBank, N.A. for $3,823.00, and one owed to an unknown creditor for $622.00. (*Id.* at 5.) He mailed a letter dated September 25, 2023 to LVNV requesting validation of the debts and that LVNV contact him only via email. (*Id.*) In response, Plaintiff received a letter from Resurgent on or about October 6, 2023, which was sent through the United States Postal Service. (*Id.* at 6.) Resurgent's letter confirmed receipt of Plaintiff's letter and enclosed a "credit card statement and Account Summary Report from CitiBank, N.A. for the amount of $3,823.38" (*id.*); and

---

[1] Plaintiff opposed the motion to dismiss (D.E. 9 ("Opp.")) but also, without the required leave of Court, filed a sur-reply in opposition (D.E. 15; L. Civ. R. 7.1(d)(6)).

1

**WHEREAS** Plaintiff alleges that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), by a) mailing him a letter after he had requested to be contacted only by email and b) misrepresenting the amount of his debt by $0.38 on his credit report (*id.* at 6–7); and

**WHEREAS** on May 9, 2024, LVNV sued Plaintiff in the Superior Court of New Jersey (Middlesex County) to collect on the $3,823.38 debt. (D.E. 8-2. [2]) In Plaintiff's answer, he wrote "[LVNV] Violated my consumer rights under the FDCPA 15 U.S.C. 1692c(a)(1) and 15 U.S.C. 1692c(c), and I am currently in the process of filing a Federal Complaint." (D.E. 8-3 at 2.) LVNV moved for summary judgment, unopposed, and was granted summary judgment in the principal amount of $3,823.38 on August 30, 2024. (D.E. 8-5.) Plaintiff filed his complaint in this Court on September 3, 2024 (Compl.); and

**WHEREAS** "[*r*]*es judicata*, or claim preclusion, is a court-created rule that is designed to draw a line between the meritorious claim on the one hand and the vexatious, repetitious and needless claim on the other hand." *Purter v. Heckler*, 771 F.2d 682, 689–90 (3d Cir. 1985) (footnote omitted). "When one has been given the opportunity to fully present his case in a court and the contested issue is decided against him, 'he may not later renew the litigation in another court.'" *Id.* at 690 (quoting *Heiser v. Woodruff*, 327 U.S. 726, 733 (1946)). Plaintiff here had, and to a degree, took, that opportunity. He raised his FDCPA claims in his answer in the Superior Court proceeding, and despite his contentions otherwise (Opp. at 3), he had a full opportunity to litigate them there. *Lifeng Lee Hsu v. Great Seneca Fin. Corp.*, 378 F. App'x 196, 197 (3d Cir. 2010) (affirming dismissal of federal case because plaintiff "had already brought, and lost, the same FDCPA claims in the state-court collection action"); 15 U.S.C. § 1692k(d) ("An

---

[2] The Superior Court documents may be considered at this stage, as they are "matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

action to enforce any liability created by this subchapter may be brought in any appropriate United States district court … or in any other court of competent jurisdiction ….").  *Res judicata* bars him from raising them again here; and

**WHEREAS** Plaintiff's claims are also barred by the entire controversy doctrine. "The entire controversy doctrine 'embodies the principle that the adjudication of a legal controversy should occur in one litigation in only one court ….'" *Arab African Intern. Bank v. Epstein*, 10 F.3d 168, 171 (3d Cir. 1993) (citing *Cogdell v. Hosp. Ctr. at Orange*, 560 A.2d 1169, 1172 (N.J. 1989)).  Similar to *res judicata*, the entire controversy doctrine is an affirmative defense, and it applies in federal courts "when there was a previous state-court action involving the same transaction." *Bennun v. Rutgers State University*, 941 F.2d 154, 163 (3d Cir. 1991). The entire controversy doctrine "requires adversaries to join all possible claims stemming from an event or series of events in one suit." *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 135 (3d Cir. 1999); *Barel v. Green Tree Servicing, LLC*, Civ. No. 16-08880, 2017 WL 3055512, at *2 (D.N.J. July 19, 2017) (dismissing claims that "could have been asserted in the state matter), *aff'd*, 734 F. App'x 160 (3d Cir. 2018).  As stated above, Plaintiff could, and did, raise his FDCPA claims in the state action.  Those claims also arise from the debt which was the subject of the state action.  Accordingly, they are barred here by the entire controversy doctrine; and

**WHEREAS** even without the various doctrines discussed above, Plaintiff's complaint must be dismissed for failure to state a claim.  The $0.38 disparity between the amounts of debt represented on Plaintiff's credit report and LVNV's letter is not material such that it would have "deceive[d] or misle[]d the least sophisticated debtor." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 420 (3d Cir. 2015) (emphasis omitted).  Mailing Plaintiff a letter, even having received his request to be contacted by email, is not a method of communication that "should be known to be

3

inconvenient to the consumer" such that it violates the FDCPA. 15 U.S.C. § 1692c(a)(1); *see Marion v. Portfolio Recovery Assocs., L.L.C.*, Civ. No. 24-03649, 2024 WL 5104766, at *3 (N.D. Ga. Oct. 25, 2024) (collecting cases holding that mailing a letter after email has been requested does not violate the FDCPA); therefore

Defendants' motion to dismiss is **GRANTED** and the complaint is **DISMISSED**. An appropriate order follows.

/s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
  José R. Almonte